### SACO VALLEY TEACHERS ASSOCIATION

v.

### BOARD OF DIRECTORS, MAINE SCHOOL ADMINISTRATIVE DISTRICT NO. 6.

### BOARD OF DIRECTORS, MAINE SCHOOL ADMINISTRATIVE DISTRICT NO. 6

v.

### SACO VALLEY TEACHERS ASSOCIATION.

Supreme Judicial Court of Maine.

Argued June 14, 1982.

Decided July 6, 1982.

Sunenblick, Fontaine & Reben, Stephen P. Sunenblick (orally), Portland, for plaintiff.

Jensen, Baird Gardner & Henry, Donald A. Kopp (orally), Portland, for defendant.

Before McKUSICK, C. J., NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

McKUSICK, Chief Justice.

In these consolidated appeals, as in *Board of School Directors, Maine School Adminis-*

*trative District No. 52 v. Tri-Town Teachers Association*, Me., 412 A.2d 990 (1980) [hereinafter cited as *S.A.D. No. 52*], we are asked to review an arbitrator's decision that a dispute arising under a contract between the parties was procedurally arbitrable. Since the arbitrator's decision here, as in *S.A.D. No. 52*, "was rationally grounded in the agreement," *id.* at 994, we follow the same course as we did in that case and uphold the decision of arbitrability.

Janet Grolley, continuing contract teacher at Bonny Eagle High School in School Administrative District No. 6 (S.A.D. No. 6), learned in early June, 1980, that she would not be advanced to the next higher salary step in the 1980–81 academic year because through illness she had missed half of the 1979–80 year. She filed a grievance on June 17 and pursued it through the three pre-arbitration levels of the grievance procedure prescribed by contract. On Grolley's behalf, the Saco Valley Teachers Association (Association) notified S.A.D. No. 6 on July 30, 1980, that it was taking her grievance to arbitration.

Under the collective bargaining agreement between S.A.D. No. 6 and the Association, the parties had ten days within which to concur in choosing an arbitrator; if they failed to do so, the American Arbitration Association (A.A.A.) was "immediately" to be asked to provide one. When the ten-day period passed, with the parties unable to agree on an arbitrator, neither of them took any action to notify the A.A.A. The Association's failure then to do so may have been the result of ongoing contract negotiations between the parties, which the Association hoped would also settle Grolley's grievance. On October 3, 1980, S.A.D. No. 6 notified Grolley that she would receive her disputed raise under the newly negotiated contract. However, three weeks later, S.A.D. No. 6 sent her a letter stating that the October 3 notice was a clerical error and advising her that the excess salary payments already made to her would be subtracted from her future paychecks.

On October 31, Grolley filed a second grievance substantively identical to the first. The Association requested that the new grievance be moved immediately to arbitration, and S.A.D. No. 6 agreed, reserving the right to challenge its procedural arbitrability. Again, the parties failed to agree on an arbitrator, but this time the Association quickly notified the A.A.A. which provided one.

Following a hearing, the arbitrator ruled that 1) the dispute was procedurally arbitrable and 2) Grolley should be advanced to the next salary level. On motion of the Association to confirm the award and that of S.A.D. No. 6 to vacate it, the Superior Court (York County) found the matter not procedurally arbitrable and therefore vacated the award.

The procedural dispute arises under section D(4)(c) of Article XVII ("Grievance Procedure") of the parties' 1978–80 collective bargaining agreement. That section provides:

> The Chairman of the Board [of S.A.D. No. 6] and the President of the Association shall, within ten (10) days after [written notice by the Association that it wishes to submit a grievance to arbitration], agree upon a mutually acceptable arbitrator to serve. If the parties are unable to agree upon an arbitrator within ten (10) days, the American Arbitration Association shall immediately be called upon to provide one under their rules and procedures.

Section E(4) of the same article on grievance procedure provides that "[f]ailure at any step of this procedure to appeal the grievance to the next step within the specified time limits shall be deemed to be acceptance of the decision rendered at that step."

S.A.D. No. 6 argues that the collective bargaining agreement imposed on the Association the responsibility of "immediately" calling upon the A.A.A. after the ten-day period for mutual selection of an arbitrator had elapsed, and that the Association's failure to notify the A.A.A. until after the filing of the second grievance worked a forfeiture of any right to arbitration. That argument rests on at least three inferences

that S.A.D. No. 6—erroneously, we conclude—asserts are compelled by the language of the agreement.

First, S.A.D. No. 6 reads the above-quoted section D(4)(c) to place responsibility for notifying the A.A.A. exclusively on the Association, although the section does not by its terms fix that responsibility on either party. Since several other provisions in the grievance procedure explicitly require action of "the aggrieved person," "the Association," or "the Board," it is likely that a clause that fails to specify a responsible party is not intended to do so. Following as it does a sentence that calls upon the president of the Association and the chairman of the board of S.A.D. No. 6 to agree on an arbitrator, the sentence instructing in the passive voice that the A.A.A. "shall immediately be called upon" comfortably supports a construction that either party or both jointly should notify the A.A.A.

Second, S.A.D. No. 6 interprets immediate calling upon the A.A.A. to provide an arbitrator as a "step," nonperformance of which results in forfeiture under section E(4) of the Association's right to arbitration. However, that section penalizes "[f]ailure at any step of this procedure to appeal the grievance to the next step," rather than failure to take required procedural action within one of the levels of grievance procedure. The collective bargaining agreement specifies four such levels: presentation of the grievance to the principal, appeal to the superintendent, appeal to the board of directors of S.A.D. No. 6, and arbitration. Each level entails various procedural steps. The contract requires two such procedural steps at the arbitration level prior to those described in section D(4)(c), namely, a written request for arbitration by the grievant to the Association and the Association's submission of the grievance to arbitration by written notice to S.A.D. No. 6. When the grievant and the Association have taken that action, as in this case, the grievance has been appealed from the board level to the arbitration level—or at least the arbitrator was well justified in so interpreting the collective bargaining agreement.

Finally, S.A.D. No. 6 construes the word "immediately" as establishing a mandatory time limit within which the A.A.A. must be notified. Section E(4) prescribes forfeiture as the penalty for failing to take a step "within the specified time limits." The quoted phrase is plainly apt language to refer to the several provisions in the grievance procedure requiring action "within ten (10) days" and other such specified number of days, but it is not so clearly applicable to a term such as "immediately," which, taken literally, requires instantaneous action. The contract's call for immediate notification of the A.A.A. can well be read to be merely hortatory, operating to urge both parties to cooperate in speedy disposition of the existing dispute through arbitration.

We thus conclude that the construction that S.A.D. No. 6 urges is by no means compelled by either the language or the purpose of the grievance procedure provisions of the collective bargaining agreement. On the contrary, the arbitrator had a reasonable basis in the language of those provisions for finding that the Association was not time-barred from pressing Grolley's grievance to arbitration by reason of the delays in obtaining an arbitrator. Applying the rule of *S.A.D. No. 52, supra* at 994, that "the appropriate standard for reviewing questions of procedural arbitrability is to uphold the arbitrator's interpretation of the procedural provisions of the agreement so long as that interpretation is a rational construction of the contract," we cannot say that the arbitrator erred in concluding that the grievance here at issue is procedurally arbitrable.

Since the justice below restricted himself to the question of procedural arbitrability, without reaching the substantive issues raised by the motions to confirm or vacate the award entered by the arbitrator in favor of the grievant, it would be inappropriate to address those issues. We must remand the cases to permit the Superior Court to address the merits of the arbitration award.

The entry is:

Judgment of the Superior Court vacated; remanded to the Superior Court for consideration of the Association's motion to confirm the arbitration award and S.A.D. No. 6's motion to vacate the arbitration award.

All concurring.